FILED

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

2017 SEP 25  PM 2 00

U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                        DEPUTY CLERK

| | | |
|---|---|---|
| John Doe, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-17-CA-0076-OLG |
| | § | |
| City of San Antonio, | § | |
| Chief Charles Hood, in his official capacity | § | |
| Matias Jimenez, | § | |
| | § | |
| Defendants. | § | |
| | § | |

PLAINTIFF'S MOTION FOR LEAVE TO RETAIN A FORM OF ANONYMITY:

TO THE HONORABLE ORLANDO L. GARCIA:

Plaintiff is requesting consideration in confidentially regarding Cause No. SA-17-Cv-76-OLG regarding Report and Recommendations of The United States Magistrate Judge.

Plaintiff filed a pro se lawsuit under the pseudonym of John Doe on February 2, 2017.

Plaintiffs request to be allowed to proceed anonymously or through some form of limited disclosure of identity. Plaintiff's suit involves a matter of disclosure of confidential medical information, which the plaintiff stated to the defendants that the information was to remain confidential. Plaintiff in no way intended to disclose any personal identifiable information to the court that would be accessible to the public or accessible to the public through the web.

In cases that have involved matters of highly sensitive nature courts have allowed plaintiffs to retain a form of anonymity. The right to privacy guaranteed by emanations from the Bill of Rights encompasses and protects personal intimacies. Plaintiffs do not have an absolute right to a pseudonym, but cases that reveal information of the "utmost intimacy" should require a more careful review of anonymity.

As noted in the Report and Recommendations:

The fifth Circuit has directed courts to consider three factors for parties requesting anonymity:

1)  whether or not the plaintiff is suing to challenge a governmental activity;
2)  whether the suit requires the disclosure of information "of the utmost intimacy";
3)  whether the plaintiff is to admit an intent to engage in illegal conduct, risking criminal prosecution.

Plaintiff contends that factors 1 and 2 weigh in favor of anonymity.  1) The lawsuit is against a governmental entity and additional parties.  2) The personal medical information is "of the utmost intimacy" to the plaintiff, and anonymity is the foundation of the plaintiff's lawsuit. Anonymity has been allowed in lawsuits involving ADA disease related disabilities (DOE V Aetna INC...., DOE v KAWEAH...., DOE v GORMLEY, DOE V DEKALB COUNTY SCHOOL DISTRICT, JOHN DOE, Esquire (Pseudonym for an attorney), and EEOC v KOAHN NASH GRAF, PC.), these cases deal with a disease that affect a "major life activity" and is "of the utmost intimacy".

Summary:

Plaintiff is pleading with the court to proceed with a pseudonym or through some form of limited disclosure of identity. Confidentiality has remained the main objective of the plaintiff and not have personal matters of the utmost intimacy to become public.  Plaintiff also request to suppress Personally Identifiable Information identifying from plaintiff from documents submitted to the court.

RESPECTFULLY

## CERTIFICATE OF SERVICE

I hereby certify that on the  day of September 25, 2017, I served the foregoing counsel of record/parties as indicated below by U.S. Mail:

FITZPATRICK & KOSANOVICH, PC

MARK KOSANOVICH

P.O. BOX 831121

San Antonio, Texas 78283-1121

(210) 207-7259

(210) 207-8997- Fax.