UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**
OCT 27 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| SHAWN ASHLEY, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 5:17-CV-76-OLG |
| | ) |
| CITY OF SAN ANTONIO, CHARLES H. | ) |
| HOOD, in his official capacity as Chief of | ) |
| the San Antonio Fire Department, and | ) |
| MATIAS HERNANDEZ, | ) |
| | ) |
| *Defendants*. | ) |

## ORDER

This case is before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (docket no. 6) and Plaintiff's Motion for Leave to File a Second Amended Complaint (docket no. 9). Pursuant to a referral under 28 U.S.C. § 636, United States Magistrate Judge Elizabeth S. Chestney has recommended that Plaintiff's motion to amend be granted and that Defendants' motion to dismiss be denied as moot. Docket no. 12. Magistrate Judge Chestney also has found that Plaintiff, who has identified himself in his pleadings using the pseudonym "John Doe," should not be permitted to proceed anonymously. Docket no. 12 at 2 n.1. Defendants have not objected to Magistrate Judge Chestney's recommendation, but Plaintiff has filed a "Motion for Leave to Retain a Form of Anonymity" (docket no. 16).

When a party objects to a magistrate judge's recommendation, the Court must make a *de novo* determination of those portions of the recommendation to which objection is made. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court construes Plaintiff's motion seeking to retain anonymity as an objection to the magistrate judge's finding that he was not entitled to sue using

a fictitious name.[1] The Court has conducted an independent review of the entire record and the applicable law, and a *de novo* review of the matters raised by Plaintiff's objections. The Court finds that Magistrate Judge Chestney's recommendation (docket no. 12) should be ADOPTED; Plaintiff's motion to amend (docket no. 9) should be GRANTED; Defendants' motion to dismiss (docket no. 6) should be DENIED as moot; and Plaintiff's motion to retain anonymity (docket no. 16) should be DENIED.

As the magistrate judge noted, neither the Federal Rules of Civil Procedure nor Title VII provide for anonymous plaintiffs, *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979), and the federal rules require that "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a); docket no. 12 at 2 n.1. However, courts presented with "matters of a sensitive and highly personal nature" sometimes permit plaintiffs to use fictitious names. *S. Methodist Univ. Ass'n of Women Law Students*, 599 F.2d at 712 (collecting cases involving topics such as "birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families," in which "the normal practice of disclosing the parties identities yields to a policy of protecting privacy in a very private matter." (internal quotation marks omitted)). The Fifth Circuit has identified some of "the characteristics common to those exceptional cases in which the need for party anonymity overwhelms the presumption of disclosure mandated by procedural custom[,]" which include cases where "(1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of

---

[1] The Court notes that, pursuant to the Court's Referral Order and 28 U.S.C. § 636(b)(1)(A), the magistrate judge was empowered to "rule on all pretrial motions" except "[w]here the magistrate judge's authority to make rulings is limited by statute," docket no. 7, and the matters raised by Plaintiff's motion are not excluded from the magistrate judge's authority under Section 636(b)(1)(A). However, the Court's reasoning would be no different if Plaintiff's motion were alternatively construed as one seeking review by the district judge of the magistrate judge's ruling pursuant to Section 636(b)(1)(A), or seeking relief from the magistrate judge's Order pursuant to Fed. R. Civ. P. 60(b).

the suit compelled plaintiffs to disclose information of 'the utmost intimacy;' and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A. Aug. 1981).

In his motion, Plaintiff argues that he should be permitted to sue using a pseudonym because the first two of these three factors weigh in favor of anonymity. Docket no. 16 at 2. Plaintiff specifically argues that "[t]he personal medical information is 'of utmost intimacy' to the plaintiff, and anonymity is the foundation of the plaintiff's lawsuit." Docket no. 16 at 2. Plaintiff also identifies several cases "involving ADA disease related disabilities" in which the plaintiffs were permitted to remain anonymous. Docket no. 16 at 2 (citing *Doe v. Aetna Inc.*, 16 C 8390, 2017 WL 118417 (N.D. Ill. Jan. 12, 2017); *Doe v. Kaweah Delta Hosp.*, 16-16650, 2017 WL 4457186 (9th Cir. Oct. 3, 2017); *Doe v. Gormley*, CV ADC-15-2183, 2016 WL 4400301 (D. Md. Aug. 17, 2016); *Doe v. Kohn, Nast & Graf, P.C.*, 862 F. Supp. 1310 (E.D. Pa. 1994); and *Doe v. Dekalb County Sch. Dist.*, 145 F.3d 1441 (11th Cir. 1998)).[2]

Many of the ADA violations alleged in Plaintiff's complaint involve unauthorized workplace disclosure of Plaintiff's cancer diagnosis. *See, e.g.*, docket no. 3 at ¶ 3. Although it is clear from Plaintiff's complaint and motion that he highly values his privacy and he characterizes this diagnosis as being "of utmost intimacy" to him, the Court agrees with the magistrate judge that a cancer diagnosis is not the type of personal medical information that governing case law has recognized to justify a departure from the general rule against anonymous litigation. Notably,

---

[2] Plaintiff's motion identifies these cases by caption, but does not provide other docket or citation information. Nonetheless, it appears to the Court that the cases cited here all involve medical privacy claims or issues, and therefore are likely the cases to which Plaintiff referred in his motion.

all of the cases cited by Plaintiff involve plaintiffs who seek to avoid disclosure of their HIV diagnoses.[3]

The Court has reviewed the remainder of the magistrate judge's Report and Recommendation and the papers on file in this case, and Court concludes it is an accurate statement of the facts of the case and a correct analysis of the law.

It is therefore ORDERED that Magistrate Judge Chestney's Report and Recommendation (docket no. 12) is ADOPTED; and

It is further ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint (docket no. 9) is GRANTED; and

It is further ORDERED that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (docket no. 6) is DENIED; and

It is further ORDERED that Plaintiff's Motion for Leave to Retain a Form of Anonymity (docket no. 16) is DENIED; and

It is further ORDERED that the Clerk of the Court shall substitute Plaintiff's true name, Shawn Ashley, for the pseudonym John Doe used in the caption of this case.

SIGNED this _27_ day of October, 2017.

_____
ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Although the Court will not permit Plaintiff to proceed anonymously, the Court notes that Rule 5.2 of the Federal Rules of Civil Procedure contains numerous provisions that may be relevant to future filings in this case.